# SUPERIOR COURT
## of the
# STATE OF DELAWARE

Jeffrey J Clark
Resident Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

Mrs. Tammy Yost
382 Stevenson Drive
Magnolia, DE 19965

Mr. Edward J. Fornias, III, Esquire
Law Office of EJ Fornias, P.A.
615 W. 18th Street, Lower Level
Wilmington, DE 19802

Submitted: March 23, 2023
Decision: May 1, 2023

**RE: *Weber v. Brown, et al.,*
C.A. No. K22J-00403 JJC**

Dear Ms. Yost and Mr. Fornias:

Ms. Yost serves as the administratrix of her mother's estate and is also a beneficiary of the Estate. In the latter capacity, she seeks reconsideration of a commissioner's order declining to stay a sheriff's sale of the Estate's real property.[1]

This letter explains why the Court cannot revisit the validity of a Superior Court judgment from New Castle County that is filed in Kent County for the purpose

---

[1] Ms. Yost filed her *pro se* response and motion for reconsideration in her capacity as administratrix of her mother's estate. The Estate, however, remains unrepresented because no attorney has entered an appearance for it. Nevertheless, the Court interprets Ms. Yost's filings to be made in her alternative capacity as a beneficiary and considers the substance of her arguments.

of execution. For the reasons discussed below, the Commissioner committed no error when she declined to stay a sheriff's sale because Ms. Yost cannot collaterally attack the New Castle County judgment in this Court. She, the other beneficiaries, and the Estate had a full and fair opportunity to challenge the judgment against the Estate in New Castle County and were unsuccessful. Accordingly, this Court cannot vacate that judgment and will not stay the sale.

**Background**

The Superior Court, in New Castle County, entered a default judgment in a tort matter in favor of Christine and Michael Weber in February 2020.[2] Thereafter, the presiding judge in New Castle County referred the proceedings to a commissioner for an inquisition on damages. A Superior Court commissioner in New Castle County then held an inquisition hearing and awarded the Webers approximately $440,000 against Defendants Mary Brown and Gregory Scott.[3]

After obtaining the New Castle judgment, the Webers filed a writ of *testatum fi fa* in Kent County to index the judgment in order to schedule a sheriff's sale of Ms. Brown's Harrington real estate.[4] The Kent County Sheriff scheduled the sale in the fall of 2022. In the meantime, Ms. Brown passed away and Mr. Scott (also a potential beneficiary of the Estate) filed an emergency motion in Kent County to stay the sale.[5] At an emergency hearing, the Court explained to Mr. Scott that he could not challenge the judgment's validity in Kent County; rather, the Court told

---

[2] *Weber v. Brown*, C.A. No. N19C-10-034 (Del. Super. Feb. 19, 2020) (ORDER) [hereinafter "NC D.I." at 9]. Because the procedural background arises from two separate cases – (1) the underlying tort case in New Castle County, and (2) the New Castle judgment indexed in Kent County – the Court will refer to the corresponding docket entries with the designation of either "NC D.I." or "KC D.I."
[3] NC D.I. 18.
[4] KC D.I. 1.
[5] KC D.I. 14.

him that he could only raise such a challenge with the original judge in the Superior Court in New Castle County.[6]

At the conclusion of the hearing, Mr. Scott represented that he would file an appropriate motion in New Castle County. As an accommodation, the Webers voluntarily stayed the sale to permit the Estate and the beneficiaries the time to do so.[7]

Mr. Scott and Ms. Yost then moved to vacate the default judgments in New Castle County alleging insufficient service of process.[8] At a hearing that followed, the commissioner vacated the default judgment against Mr. Scott but declined to vacate the judgment against Ms. Brown.[9] As to the latter, her order provided that the "judgment against Mary Brown and her estate will remain firmly in place."[10] She further held that the Webers "may continue to execute on the default judgment against Mary Brown and her estate."[11]

Neither Mr. Scott nor Ms. Yost requested that a judge reconsider the commissioner's decision within ten days as required by Court rule.[12] In fact, Ms. Yost took no action over the next thirty days. Thereafter, the Webers reinitiated their efforts to execute in Kent County by filing a motion to do so.[13] Ms. Yost opposed the motion by again collaterally attacking the New Castle County judgment.[14]

---

[6] KC D.I. 17, at 8–10.
[7] K.C. D.I. 18.
[8] NC D.I. 24.
[9] NC D.I. 29.
[10] *Id.*
[11] *Id.*
[12] *See* Super. Ct. Civ. R. 132(a)(4)(ii) (requiring a party to move to reconsider a commissioner's decision within ten days or to accept the commissioner's order as final).
[13] KC D.I. 21.
[14] KC D.I. 22

Next, on March 2, 2023, a Kent County Commissioner held a hearing on the Weber's motion to permit a sale.[15]   When doing so, she refused to collaterally vacate the judgment because the New Castle County docket demonstrated that the Webers had personally served Defendant Mary Brown at her place of residence.[16]   Namely, the Kent County sheriff's return, uploaded on the New Castle County docket, satisfied her that the Webers validly served Ms. Brown.[17]

After the Commissioner issued her order, Ms. Yost filed the present motion for reconsideration.[18]   In it, she contends that the sheriff did not serve her late mother as the deputy represented in the return.[19]   She also submits an affidavit executed by Antaneek Jackson.  In that affidavit, Ms. Jackson explains that she accepted service of the summons and complaint while living at the same residence occupied by Ms. Brown, her aunt.[20]  Ms. Jackson further contends that she "completely forgot about the summon[s] and complaint" and neglected to give it to Ms. Brown.[21]   When accepting everything in her affidavit as true, it establishes that:  (1) Ms. Jackson was an adult, (2) she resided in Ms. Brown's home at the time of service, and (3) she accepted service of process.

**Standard**

Ms. Yost labels her filing an appeal.   The Court, however, considers it to be a motion for reconsideration of a commissioner's order.   Here, the Commissioner issued an order in a non case-dispositive matter as contemplated by Superior Court

---

[15] KC D.I. 32.
[16] NC D.I. 3.
[17] *Id.*
[18] KC D.I. 34.
[19] *Id.* ¶ 29.
[20] KC D.I. 34, Ex. B ¶¶ 2–3.
[21] *Id.* ¶ 8.

4

Civil Rule 132(a)(3). Accordingly, when considering Ms. Yost's challenge to the Commissioner's decision, the Court must apply the standard set by that rule. Namely, a judge may reconsider her decision only if the record demonstrates that the decision was based upon clearly erroneous findings of fact, was contrary to law, or was an abuse of discretion.[22] Otherwise, the decision must stand. As a final note, there is no automatic stay of a commissioner's order under Rule 132(a)(3) while the judge reviews the motion.[23]

## Discussion

The Commissioner did not base her decision on erroneous factual findings, decide the matter contrary to law, or abuse her discretion. In fact, even were the Court to employ a *de novo* review of her decision, it fell where the law requires.

Ms. Yost, who identifies herself as administratrix for the Estate, asks this Court to (1) vacate a judgment issued in New Castle County against the Estate, and thereby (2) prevent execution of that judgment in Kent County.[24] At the outset, the Webers had the statutory right to file their judgment in Kent County, and acquired the right to execute upon real estate located in Kent County when doing so.[25] The Court informed Mr. Scott last fall, during the first motion to stay, that he would have to return to New Castle County to pursue any efforts to vacate the judgment against him and his mother.[26] Mr. Scott and Ms. Yost attempted to vacate the judgment but a New Castle County commissioner ruled against them. That order became final

---

[22] Super. Ct. Civ. R. 132(a)(3)(iv).
[23] *Id*.
[24] NC D.I. 34 ¶ 29.
[25] 10 *Del. C*. § 2304(b).
[26] KC D.I. 17 at 8. Although the Delaware Superior Court is a unified, state-wide Court, there is no reason to treat a judgment transferred from another county under 10 *Del. C.* § 2304(b) differently than the Court would treat a transferred judgment from another jurisdiction or another State court.

5

when Ms. Yost and Mr. Scott declined to appeal the decision within ten days as required by rule.

On balance, two legal principles support the Commissioner's decision to not stay the Kent County sale scheduled for later this month. First, the doctrine of issue preclusion prevents the Court from reconsidering a final order that already resolved Ms. Yost's challenges to the Weber's judgment.[27] Although Mr. Scott succeeded in vacating the default against him, he, Ms. Yost, and others did not convince the commissioner in New Castle County to vacate the judgment against Ms. Brown's Estate. For that reason, the Commissioner in Kent County did not err when she refused to revisit the issue.

A second legal tenet also supports the Commissioner's decision. Namely, a valid judgment from another jurisdiction or venue, once transferred (or in this case indexed), cannot be collaterally attacked.[28] In other words, a court has no power to invalidate the judgment of another jurisdiction or venue upon transfer of that judgment. At most, the Court may exercise its limited equitable authority to stay execution to permit an aggrieved party to return to the issuing jurisdiction or venue to challenge it. Here, the Court entertained the same motion last fall and the Webers voluntarily provided Ms. Yost and Mr. Scott the ability to do so. This Court cannot revisit that final judgment or entertain a collateral attack against it.

---

[27] *Garvin v. Booth*, 2019 WL 3017419, at \*5 (Del. Super. Jul. 10, 2019) (citations omitted).

[28] *See Worthington Homeowners Ass'n v. Couch*, 2022 WL 333283, at \*2 (Del. Super. Feb. 4, 2022) (explaining in the different, though analogous context of a judgment transferred from the Justice of the Peace Court to Superior Court, that only the originating court has jurisdiction to consider post-judgment proceedings); *see also* 50 C.J.S. *Judgments* § 693 (2023) (explaining that a party may not collaterally attack a final judgment by challenging it in a jurisdiction other than the jurisdiction that entered the judgment).

6

## Conclusion

For the reasons explained above, the Court **DENIES** Ms. Yost's motion to reconsider the Commissioner's order. The Commissioner did not err by declining to stay the sheriff's sale. The sale may proceed as scheduled.

**IT IS SO ORDERED.**

Very truly yours,

<u>/s/ Jeffrey J Clark</u>
Resident Judge

JJC:klc
*Via File & ServeXpress*
*U.S. Mail to Defendant Tammy Yost*